# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>BOLTA US LTD.,<br><br>    Debtor. | Case No. 23-70042-JHH<br>Chapter 11<br>Chief Judge Jennifer Henderson |

## OBJECTION BY THE LIQUIDATING TRUSTEE TO PROOF OF CLAIM FILED BY SMP AUTOMOTIVE SYSTEMS ALABAMA INC.

COMES NOW, Gene Kohut, in his capacity as Liquidating Trustee (the "Trustee") for the Bolta US, LTD Liquidating Trust (the "Liquidating Trust"), established pursuant to the *Joint Plan of Liquidation for Bolta US Ltd.* (Docket No. 531-1), by and through undersigned counsel, and hereby files this objection to Proof of Claim #37-1 [ECF]/#60 [Epiq] filed by SMP Automotive Systems Alabama Inc. ("SMP") (the "Objection"). By this Objection, and pursuant to 11 U.S.C. § 502(b)(1), the Trustee seeks entry of an order disallowing the claim.

SMP has been unable to show that Bolta breached the parties' parts-manufacturing contract by failing to deliver parts on time, nor that any supposed delay caused the alleged damages in SMP's claim. Without either, the claim "is unenforceable against the debtor and property of the debtor" by basic "applicable [contract] law" and "for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). This Court should disallow it.

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On January 13, 2023 (the "Petition Date"), Bolta US, LTD ("Bolta") filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

4. On January 24, 2023, the Bankruptcy Administrator appointed an official committee of unsecured creditors (the "Committee"), pursuant to section 1102 of the Bankruptcy Code. (Docket No. 118.)

5. As of the Petition Date, SMP had several executory contracts with Bolta as part of a multi-tiered automotive parts manufacturing process for Mercedes-Benz US International, Inc. ("MBUSI") (the "SMP-Bolta Contract").

6. As part of that process, MBUSI hired SMP to manufacture certain parts and components for MBUSI vehicles, including its vehicle bumpers, and SMP hired multiple subcontractors to manufacture sub-components for those bumpers. Bolta was one of those subcontractors.

7. MBUSI set delivery deadlines on SMP. SMP, in turn, set delivery deadlines on its subcontractors. To meet the MBUSI deadlines, SMP had a policy of keeping a 3-day reserve of Bolta manufactured parts on hand, in case of any subcontractor delivery delays.

8. On May 26, 2022, SMP emailed Bolta an invoice and excel file listing late fees that MBUSI had charged SMP for not delivering assembled components on time and asserted that SMP's late deliveries were the result of Bolta's late delivery of parts. Unable to discern from the files where it had missed any shipping deadline, Bolta asked for additional data on June 9, 2022. After a series of back-and-forth communications over that summer, SMP still had not identified any specific dates establishing missed delivery deadlines by Bolta, i.e., there were no data

establishing any liability of Bolta for the MBUSI charges. Undeterred, on September 30, 2022, SMP sent a new invoice and excel file, again showing more MBUSI late fees it incurred, and again failing to provide any concrete evidence tying those fees to Bolta.

9. The dispute remained unresolved on and after the Petition Date. Despite this unresolved issue, SMP made a successful bid to purchase the assets of Bolta pursuant to 11 U.S.C. § 363, which was confirmed by that certain *Order (I) Authorizing the Sale of Substantially all of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (Docket No. 373).

10. On June 12, 2023, Bolta filed its Joint Plan of Liquidation (the "Plan") (Docket No. 531-1).

11. On July 19, 2023, this Court entered an order (Docket No. 591) confirming Bolta's Plan (the "Confirmation Order"), with an effective date of August 4, 2023 (the "Effective Date").

12. On July 5, 2023, SMP filed Proof of Claim #37-1 [ECF]/#60 [Epiq] (the "Claim"), claiming that Bolta owed it $1,980,838.27. Since filing the Claim, the parties have resolved $154,076.90 of it, reducing SMP's amount sought to $1,826,761.37.

13. The Claim alleges that, in breach of the SMP-Bolta Contract, Bolta "failed to deliver component parts to SMP" on time from "fall of 2021" to "February of 2022" resulting in claimed damages against Bolta in the amount of $1,826,761.37. (Claim, at 4-5.)

## ARGUMENT

14. SMP's Claim is due to be denied because it leaps to two faulty conclusions. First, it assumes that Bolta delivered parts late, yet never identifies any missed Bolta delivery deadline. Second, it assumes that those late deliveries, and not any other subcontractor's delay or SMP's

3

own unrelated delay, caused SMP to incur the MBUSI charges. Neither assumption is true, meaning that SMP fails to state any contract claim.

15. "[T]he substantive law of the forum state," Alabama here, "governs issues of state law that arise in bankruptcy proceedings." *Menchise v. Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008). In Alabama, a breach-of-contract comes with four elements: (1) "a valid contract binding the parties"; (2) the plaintiff's "performance under the contract"; (3) the "defendant's nonperformance"; and (4) "resulting damages." *Collins v. BSI Fin. Servs.*, No. 20-13913, 2021 WL 3854778, at *2 (11th Cir. Aug. 30, 2021) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)). The "party asserting a breach-of-contract claim," SMP here, "must prove *every* element of that claim." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 491 (Ala. 2020) (emphasis in original).

16. It is undisputed that the SMP-Bolta Contract is a valid binding contract (element one), nor that SMP's performance would be due if Bolta performed (element two). The dispute lies in whether Bolta delivered late parts (element three) and/or whether any delay by Bolta caused the late fees MBUSI charged SMP (element four). The answer to each is no.

17. Since 2022 through the filing of this Objection, Bolta has been asking SMP for specific dates when Bolta's supposedly delayed deliveries to SMP were actually due, as well as information on how any alleged delay caused SMP's damages, given that multiple other parts makers were involved, and SMP maintained 3-days' worth of parts in reserve. To date, SMP has provided no response to either request. SMP "does not dispute" the need for the Trustee to have more documents to verify these questions and, thus, the Claim itself. (Docket No. 1018, at 1.). Still, SMP has failed to provide the requested information.

### A. Nothing SMP has produced contradicts Bolta's records showing delivery of all parts on schedule.

18. SMP's documentation never revealed "an essential element of [its] breach-of-contract claim[]"—Bolta's nonperformance. *Dupree*, 308 So.3d at 491 (citations omitted). Rather, according to Bolta's records, Bolta has delivered all required parts to SMP per the parties' contracted schedule. Those records also show that, at all relevant times, SMP had sufficient parts reserves to timely fulfill SMP's obligations to MBUSI.

19. As its proof of the MBUSI late charges, SMP attached nearly 240 pages of raw data (the "Exhibits"). Claim, at 4; *id.* at Ex. A, Late Delivery Charges; *id.* at Ex. B, Late Delivery Charges (Cont'd). Despite the sheer volume, none of the data from the Exhibits is intelligible for any purpose, as each Exhibit uses nomenclature unique to SMP's business dealings with MBUSI.

20. In an effort to clarify and understand the information provided, the Trustee filed that certain *Liquidating Trustee's Motion for Rule 2004 Examination and Production of Documents (SMP Automotive Services Alabama, Inc.)*, requesting production of SMP documents that would decode the data (the "R. 2004 Motion"). (Docket No. 1004.) SMP did "not dispute" the need for more documents to verify its Claim, (Docket No. 1018, at 1). Since filing that Rule 2004 motion, counsel for the Trustee has repeatedly conferred with SMP's counsel to decipher the additional documents provided. Yet, from the time SMP first advised Bolta about the MBUSI charges in 2022 until today, SMP has produced no documentary evidence showing any specific deadlines Bolta failed to meet. While SMP points to various spreadsheets prepared in response to the R. 2004 Motion, not one highlights a deadline Bolta's parts were due to SMP, nor the date that Bolta's parts arrived.

21. SMP has provided no documentation contradicting Bolta's records that show it never missed a deadline. That alone defeats SMP's Claim, and this Court should disallow it.

5

**B. Even if Bolta missed any deadlines, other subcontractors' delays and SMP's 3-day parts reserve defeat any direct causation of SMP's damages.**

22. Regardless of whether Bolta missed any deadlines, a missed deadline alone would not prove Bolta caused SMP's alleged damages. SMP can only recover damages that "are the natural and proximate consequence of the breach." *Ex parte Steadman*, 812 So. 2d 290, 295 (Ala. 2001). None of SMP's documents have linked that causational chain to Bolta.

23. The SMP-Bolta Contract sits as one among a litany of contracts that SMP has with subcontractors working on parts for the same bumpers. Despite years of asking, SMP has failed to show that other subcontractors delivered their own parts on time, or that those subcontractors were not the reason for the final product's delay. Instead, SMP seeks to place the blame solely on Bolta.

24. SMP has also failed to produce anything showing that *SMP* itself did not cause the missed MBUSI deadline. Regardless of whether subcontractors timely delivered their respective parts, it still falls to SMP to assemble and deliver the completed bumper on time to MBUSI. In recognition of this fact, SMP has in place a policy of keeping a 3-day reserve of extra parts, including those made by Bolta. Nothing in SMP's claim or documents shows that any alleged delay by Bolta caused SMP to exhaust its reserve of Bolta's parts. With those parts still in reserve, the MBUSI deadline was missed either because of SMP's own mishap or by some other subcontractor—not because of Bolta. However, nothing in SMP's provided documents allows the Trustee to determine either way.

25. Bottom line, SMP has provided no documentation for the Trustee to verify if Bolta delayed in delivering parts to SMP, nor any information to show that any supposed delay by Bolta caused the damages in the Claim. For either reason, its Claim fails.

## CONCLUSION

Without any documentation for the Trustee to verify whether Bolta breached the SMP-Bolta Contract by delivering parts late or that any such supposed delay caused SMP's alleged damages, SMP's Claim remains "unenforceable" under "applicable [contract] law." 11 U.S.C. § 502(b)(1).

For the reasons stated herein, the Trustee respectfully requests entry of an order disallowing and expunging the Claim in its entirety and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this the 10th day of September 2025.

                                        */s/ Ronald G. Steen, Jr.*
                                        STUART M. MAPLES (ASB-1974-S69S)
                                        RONALD G. STEEN, JR. (ASB-0425-N76R)
                                        THOMPSON BURTON, PLLC
                                        200 Clinton Avenue West, Suite 1000
                                        Huntsville, Alabama 35801
                                        Telephone: (256) 489-9779
                                        Email: smaples@thompsonburton.com
                                                  ronn.steen@thompsonburton.com
                                        *Counsel for the Liquidating Trustee*

## CERTIFICATE OF SERVICE

       I do hereby certify that a copy of the preceding was electronically filed through the Court's ECF system and served this 10th day of September 2025 by operation of the Court's electronic noticing system upon Jeffrey G. Raphelson, as counsel for SMP Automotive Services Alabama, Inc., Scott Allums, the Assistant U.S. Bankruptcy Administrator, the 20 largest unsecured creditors, the Debtor, and all who have requested electronic notice in this case.

                                                        */s/Ronald G. Steen, Jr.*
                                                        Ronald G. Steen, Jr.